PATTISHALL, MCAULIFFE, NEWBURY
    HILLIARD & GERALDSON LLP
JONATHAN S. JENNINGS
PHILLIP BARENGOLTS
311 S. Wacker Drive, Suite 5000
Chicago, IL 60606
Telephone: (312) 554-8000
Facsimile: (312) 554-8015

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
DAVID LAVINE, Bar No. 166744
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

Attorneys for Plaintiff, PepsiCo, Inc.

**ORIGINAL**

**E-Filing**

**FILED**

**JUN 2 2 2005**

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPSICO, INC., a North Carolina corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>AC FOODS WHOLESALE, a California corporation; and DOES 1-10,<br><br>        Defendants. | Case No. C 05 01314 MEJ<br><br>[~~PROPOSED~~] FINAL JUDGMENT |

Plaintiff, PepsiCo, Inc., and defendant AC Foods Wholesale ("AC Foods") hereby stipulate to entry of final judgment as follows:

1.   This Court has subject matter jurisdiction by virtue of the fact that:

    (a)   this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1121 (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and

- 1 -

FINAL JUDGMENT

     (b)    jurisdiction for the California state statutory and common law claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over defendant AC Foods.

3. Venue is proper in this Court under 28 U.S.C. 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in this district or under 28 U.S.C. § 1391(a) in that the defendant is deemed to reside in this district because it is subject to personal jurisdiction in this district.

4. Plaintiff, PepsiCo, Inc., is the owner, inter alia, of the following federal trademark registrations issued by the United States Patent and Trademark Office for marks used in connection with its PEPSI soft drinks ("PEPSI marks"):

| MARK | REG. NO. | REG. DATE | GOODS |
| --- | --- | --- | --- |
| PEPSI | 824,150 | Feb. 14, 1967 | Soft drinks and syrups and concentrates for the preparation thereof |
| PEPSI-COLA | 824,151 | Feb. 14, 1967 | Soft drinks and syrups and concentrates for the preparation thereof |
| Design mark | 824,153 | Feb. 14, 1967 | Soft Drinks |
| PEPSI and Design | 2,100,417 | Sept. 23, 1997 | Soft Drinks |
| PEPSI and Design | 2,104,304 | Oct. 7, 1997 | Soft Drinks |

Said registrations are valid, subsisting, incontestable and constitute conclusive evidence of plaintiff's exclusive right to use the PEPSI marks for the goods specified in the registrations, pursuant to 15 U.S.C. §§ 1065 and 1115(b).

5. Without plaintiff's consent, defendant has sold in the United States soft drinks manufactured in Mexico bearing the PEPSI marks owned and registered in the United States by PepsiCo (the "Mexican product").

6. The defendant's sale of the Mexican product in the United States without plaintiff's consent constitutes:

(a) trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114;

(b) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); and

(c) unfair competition in violation of California Business and Professions Code Section 17200, *et seq.*; and

(d) dilution of PepsiCo, Inc.'s famous PEPSI marks and damage to the business reputation of PepsiCo, Inc., in violation of California Business Professions Code Section 14330.

7. Jose L. Pulido shall be an agent of AC Foods authorized to receive any subpoena to obtain deposition or trial testimony regarding its knowledge of the importation into, and sale and distribution in the United States of the Mexican product by third parties. AC Foods shall immediately inform PepsiCo, Inc., care of Jonathan S. Jennings, 311 S. Wacker Drive, Suite 5000, Chicago, Illinois 60606, if this address for service changes and of any new address for such service.

8.  AC Foods, its officers, agents, servants, employees, successors and assigns, and all others in active concert or participation with them, are permanently enjoined and restrained from the importation into, and the dealing, marketing, sale or distribution in the United States of soft drinks manufactured or bottled in Mexico, or any other foreign country, bearing PepsiCo, Inc.'s PEPSI marks.

9.  The case against the Doe defendants is dismissed without prejudice.

10. This Court shall retain jurisdiction over this action for purposes of construing and ensuring compliance with this Final Judgment.

*The Clerk of Court shall close the file.*

**SO ORDERED AND ADJUDGED:**

Date: 6/22/05

Judge Maria-Elena James
United States Magistrate Judge

| | | |
|---|---|---|
| 1 | CONSENTED AND AGREED TO: | |
| 2 | On behalf of PepsiCo, Inc. | AC FOODS WHOLESALE |
| 3 | PATTISHALL, MCAULIFFE, NEWBURY HILLIARD & GERALDSON LLP | By: *(signed)* Jose L. Pulido |
| 4 | JONATHAN S. JENNINGS | President |
| 5 | PHILLIP BARENGOLTS 311 S. Wacker Drive, Suite 5000 | Dated: 6/8/05 |
| 6 | Chicago, Illinois 60606 | |

7  GLYNN & FINLEY, LLP
    CLEMENT L. GLYNN, Bar No. 57117
8  DAVID LAVINE, Bar No. 166744
9  One Walnut Creek Center
    100 Pringle Avenue, Suite 500
10 Walnut Creek, California 94596

11 By: *(signed)*
12     David Lavine

13 Dated: 6/20/05

14     Attorneys for Plaintiff,
15     PepsiCo, Inc.

1                                   Docket No. C05 01314 MEJ

2                                  <u>PROOF OF SERVICE BY MAIL</u>

4         I, LINDA VALLONE, the undersigned, hereby certify and declare under penalty of perjury that the following statements are true and correct:

6           1.      I am over the age of 18 years and am not a party to the within cause.

7           2.      My business address is One Walnut Creek Center, 100 Pringle Avenue, Suite 500, Walnut Creek, CA 94596.

9           3.      I am familiar with my employer's mail collection and processing practices; know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in interoffice mail; and know that postage thereon is fully prepaid.

12          4.      Following said practice, on June 20, 2005 I served a true and correct copy of the attached document(s) entitled exactly:

**Final Judgment**

by placing it in an addressed, sealed envelope and depositing it in regularly maintained interoffice mail to the following:

**Jose Pulido**
**AC Foods Wholesale**
**1117 Montague Expressway**
**Milpitas, CA 95035**

Executed this <u>20th</u> day of June, 2005 at Walnut Creek, California.

                                                    _____
                                                    Linda Vallone

PROOF OF SERVICE